UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-61977-CIV-BLOOM/VALLE

**ANTHONY RUSSELL**, *et al.*,

    Plaintiffs,

v.

**NATIONSTAR MORTGAGE, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, ECF No. [11], seeking dismissal of Plaintiff's Complaint, ECF No. [1], pursuant to Fed. R. Civ. P. 12(b)(6). The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

### I.  Background

Plaintiffs filed the instant lawsuit, seeking relief under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et. seq.*, ("RESPA") and for breach of contract. Plaintiffs allege Defendant is liable under § 2605 of RESPA for failing to adequately respond to Plaintiffs' Qualified Written Request ("QWR"). Plaintiffs seek actual damages which includes "photocopying costs and postage costs incurred as a result of having to send additional correspondences due to [Defendant]'s failure to adequately respond to Plaintiffs' QWR," ECF No. [1] at 10, and statutory damages under RESPA for Defendant's "pattern or practice" of not complying with RESPA.  *Id.*  Plaintiffs further allege that Defendant is in breach of a loan modification offer by failing to "permanently modify Plaintiffs' loan in accordance with the agreed terms." *Id.* at 11-12.

Defendant sent a letter to Plaintiffs dated May 29, 2012, informing them that Defendant was the new servicer for Plaintiffs' mortgage account. *See* ECF No. [1-4]. Plaintiffs sent a QWR, dated April 8, 2013, seeking "a copy of our promissory note, the mortgage, a copy of the loan agreement, truth in lending statements, and a life of loan accounting for all payments including loan payments and escrow disbursements for this property." ECF No. [1-3]. Plaintiffs' explained the request was pursuant to their belief that the "loan term and conditions should have been adjudged prior to the transfer from Bank of America in May 2012, and a proper accounting of escrow payments and an amortization schedule provided." *Id.*

Defendant sent a response dated April 26, 2013, which indicated that copies of the documents Plaintiffs requested were enclosed, and if information was not provided, explained why. Defendant stated that the copies of the payment history reflected "a complete payment history for the period of 05/15/2012, through the date of this letter," and also indicated that copies of "Prior Servicer Payment History" were included. ECF No. [1-4] at 1-2. Plaintiffs allege, however, that no attachment of the prior servicer payment history was actually provided. ECF No. [1] at 4. Plaintiffs sent a response by regular and certified mail, dated May 17, 2013, indicating that Defendant had not fully complied with Plaintiffs' request, including the failure to submit "a life of loan accounting for all payments including loan payments and escrow disbursements for our property, and the mortgage and loan ownership." ECF No. [1-5] at 1. Plaintiffs allege they never received a complete loan history from Defendant. ECF No. [1] at 5.

**II.    Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

A defendant may also "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 n.70 (11th Cir. 2008) (quoting Fed. R. Civ. P. 12(e)) (alterations in original).

### III. Discussion

Defendant's argument in support of its Motion only addresses the RESPA claim. Defendant argues that Plaintiffs fail to state a claim because they have not alleged sufficient actual damages and have failed to sufficiently allege "a pattern or practice of noncompliance" to state a claim for statutory damages under RESPA.

#### a. Actual damages

Defendant argues that Plaintiffs' purported actual damages of "photocopying costs and postage costs incurred as a result of having to send additional correspondences due to [Defendant]'s failure to adequately respond to Plaintiffs' QWR" is insufficient to state a claim under RESPA. ECF No. [11] at 2 (citing *Steele v. Quantum Servicing Corp.*, 3:12-CV-2897-L, 2013 WL 3196544 (N.D. Tex. June 25, 2013)).

*Steele*, however, is distinguishable from this case. The court in *Steele* determined that costs incurred in preparing a QWR and time lost in correcting alleged errors were not actionable under RESPA because the costs were incurred "*before* the alleged RESPA violation, that is, before Defendants were allegedly required to acknowledge or respond to the March 30, 2012 letter," and "[a]ccordingly, these costs could not have resulted from Defendants' alleged failure to comply with RESPA." *Steele*, 2013 WL 3196544 at *8 (emphasis in original). Here, the alleged actual damages of photocopying costs and postage costs were alleged to have been incurred after Defendant's response to the QWR.

These costs are actionable under RESPA. Though the term "actual damages" is not defined within RESPA, Plaintiffs have, taking the allegations in the Complaint as true, sufficiently alleged entitlement to "an amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses," *Marais v. Chase Home Fin., LLC*, 24 F.

Supp. 3d 712, 728 (S.D. Ohio 2014) (quoting Black's Law Dictionary (9th ed. 2009)), as a result of Defendant's failure to adequately respond to Plaintiffs' QWR. *See* 12 U.S.C. § 2605(f)(1)(A). Plaintiffs clearly indicated the reason for needing a life of loan statement, and in response, though Defendant represented they submitted copies of "Prior Servicer Payment History," Plaintiffs never received them. Defendant does not argue in support of its Motion that this response was adequate, and the Court finds that it was not. *Compare Marais*, 24 F. Supp. 3d at 724-25 (finding partial satisfaction of request for information an insufficient response to a QWR because it did not "fairly meet the substance of the QWR") *with Hittle v. Residential Funding Corp*, No. 2:13-CV-353, 2014 WL 3845802 (S.D. Ohio Aug. 5, 2014) (finding partial satisfaction of request for information a sufficient response to a QWR because QWR "did not coherently set forth the reasons the [plaintiffs] believed their account to be in error."). The Court finds that, for purposes of deciding the instant Motion, the failure to comply with Plaintiffs' request resulted in costs necessary to continue to pursue compliance with their request. Defendant's Motion with respect to actual damages is, accordingly, denied.

   b. **Statutory damages**

Defendant argues that Plaintiff has failed to allege facts to support Defendant's "pattern or practice" of RESPA noncompliance, such as a "standard or institutionalized practice of RESPA violations," as is required to seek statutory damages under RESPA. ECF No. [24] at 1 (citing *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009), *aff'd* 398 F. App'x 467 (11th Cir. 2010)). Plaintiff asserts that its allegation that Defendant's continuous failure to "provide Plaintiffs with a simple informational request," after "a number of correspondences, many of which were Qualified Written Requests," and "numerous telephonic conversations," is sufficient. ECF No. [18] at 7.

The Court finds that *McLean* is instructive. There, the court found that the showing of defendant's insufficient response to the plaintiffs' two QWRs did not entitle the plaintiffs to statutory damages. *McLean*, 595 F. Supp. 2d at 1365 (citing *In re Maxwell*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (finding that evidence of two RESPA violations was insufficient to support a pattern or practice); *Ploog v. HomeSide Lending, Inc.*, 209 F. Supp. 2d 863, 869 (N.D. Ill. 2002) (failure to respond to qualified written requests on five occasions was sufficient to establish a pattern or practice); *In re Holland*, No. 04-18099-JNF, 2008 WL 4809493, *11 (Bankr. D. Mass. Oct. 30, 2008) (finding no pattern or practice where plaintiff offered no documents or testimony to establish that the loan servicer had a standard or institutionalized practice of RESPA violations)).

Here, as in *McLean*, Plaintiffs have alleged Defendant's incomplete response to two QWRs. These allegations are insufficient. Though Plaintiffs have alleged a continuous failure to provide the information after repeated correspondence, Plaintiffs have not adequately pled that these communications were QWRs, beyond merely stating that many of them were. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Defendant's Motion with respect to statutory damages is granted, and the portion of Plaintiffs' Complaint seeking statutory damages is dismissed without prejudice.

### IV. Conclusion

Being fully advised, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss, **ECF No. [11]**, is **GRANTED IN PART** and **DENIED IN PART**;

2. The portion of Plaintiffs' Complaint, **ECF No. [1]**, pertaining to statutory damages is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiffs may submit (and, if submitted, must properly serve) an amended complaint by **February 20, 2015**.  Failure to do so on or before that date will result in this case proceeding for actual damages only with respect to Plaintiffs' RESPA claim, in addition to Plaintiffs' breach of contract claim;

4. Defendant must respond within twenty-one (21) days of being served with any amended complaint.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of February, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record